28UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IK SCHOOL OF GYMNASTICS, INC. | ) | |
| 15901 Biscayne Blvd. | ) | |
| North Miami Beach, Florida 33160 | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv- 2822 |
| | ) | |
| KIRSTJEN NIELSEN, Secretary, | ) | |
| Department of Homeland Security | ) | |
| Washington, DC 20528; and | ) | |
| | ) | |
| L. FRANCIS CISSNA, Director, | ) | |
| U.S. Citizenship & Immigration Services, | ) | |
| 20 Massachusetts Ave., NW | ) | |
| Washington, DC 20529-2000 | ) | |
| | ) | |
|     Defendants. | ) | |

**<u>PETITION FOR DECLARATORY JUDGMENT & OTHER RELIEF</u>**

Plaintiff, IK SCHOOL OF GYMNASTICS, INC., by and through their own and proper

persons and through their attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby

petition this Honorable Court for a Declaratory Judgment and other relief, and in support thereof

state as follows:

**<u>Introduction</u>**

1.  This is a civil action brought by Plaintiff, IK SCHOOL OF GYMNASTICS, INC., that

    involves the denial of an I-129 nonimmigrant visa petition, that was arbitrary and capricious,

    and not in accordance with law.

2.  The Plaintiff, IK SCHOOL OF GYMNASTICS, INC., is a professional gymnastics training

    center, who filed an I-129 nonimmigrant visa petition seeking to classify Beneficiary,

    Viktoriia Savelieva, as an athlete of extraordinary ability, or O-1A classification.

**Jurisdiction And Venue**

3.  This court has jurisdiction over this action through the Administrative Procedure Act

    ("APA"), 5 U.S.C. § 701, *et seq.*, 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 2201

    (declaratory judgment), and the Immigration & Nationality Act and regulations

    implementing it (Title 8 of the Code of Federal Regulations).  Under the APA, "[a] person

    suffering legal wrong because of agency action, or adversely affected or aggrieved by agency

    action within the meaning of a relevant statute, is entitled to judicial review thereof."  5

    U.S.C. § 702.  Agency action subject to judicial review includes the denial of a Form I-129,

    Petition for a Nonimmigrant Worker filed pursuant to Section 214 of the INA, 8 U.S.C. §

    1184, because USCIS's denial of the Petition constitutes a "final agency action for which

    there is no other adequate remedy in a court [is] subject to judicial review." 5 U.S.C. § 704.

    The standards to be applied on review are governed by 5 U.S.C. § 706; *Heckler v. Chaney*,

    470 U.S. 821, 828 (1985).

4.  The APA does not independent provide a basis for subject matter jurisdiction.  *Califano v.

    Sanders*, 420 U.S. 99, 107 (1977). However, the federal question statute 28 U.S.C. § 1331

    gives federal courts jurisdiction over a suit that arises under a right of action created by the

    APA.  *See Bowen v. Massachusetts*, 487 U.S. 879, 891 n.16 (1988).

5.  Federal courts review administrative actions under the APA to determine whether the agency

    acted arbitrarily, capriciously, abused its discretion or acted otherwise not in accordance with

    the law.  *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009).  The requirement

    that agency action not be arbitrary and capricious requires the agency to "examine the

    relevant data and articulate a satisfactory explanation for its action" and explain its actions

    that will enable the court to evaluate the its rationale at the time of decision.  *Motor Vehicle*

2

*Mfrs. Ass'n of the United States, Inc. v. State Farm*, 463 U.S. 29, 43 (1983); *Pension Benefit Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990).

6. Further, the exhaustion doctrine does not apply where there is no statute or regulation that requires that an administrative appeal be pursued prior to judicial review, and no federal court has discretionary authority to require exhaustion. *See Darby v. Cisneros*, 509 U.S. 137 (1993). The applicable portions of the regulations governing the nonimmigrant O-1 visa petitions provides that "[a] denied petition *may* be appealed," but contains no mandatory language requiring an appeal prior to judicial review.  *See* 8 C.F.R. § 214.2(o)(9)(i) (emphasis added); 8 C.F.R. § 1103.3(a)(1)(ii).

7. Venue of this action is proper under 28 U.S.C. section 1391(e)(1) because this is a civil action in which a defendant is an officer or employee of an agency of the United States, and this is a judicial district in which the defendants maintain their main office.

## <u>Parties</u>

8. Plaintiff IK SCHOOL OF GYMNASTICS is a professional gymnastics training center, located in Miami, Florida.

9. Defendant KIRSTJEN NIELSEN, Secretary for the Department of Homeland Security ("DHS"), is being sued in her official capacity only.  Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant DUKE, through her delegates, has authority to adjudicate nonimmigrant visa applications and visa petitions filed with the United States Citizenship and Immigration Services (USCIS) and to accord lawful permanent resident status pursuant to 8 U.S.C. section 1255.

10. Defendant L. FRANCIS CISSNA is sued in his official capacity only.  He is the Director of U.S. Citizenship & Immigration Services ("USCIS").  As such, he is charged with the duty of

administration and enforcement of all the functions, powers, and duties of USCIS.  USCIS is part of the United States Department of Homeland Security.  The agency administers the Immigration and Nationality Act pursuant to 8 U.S.C. § 1103 and 8 C.F.R. § 2.1.

### Immigration Law Framework

11. Under the Immigration and Nationality Act section 101(a)(15)(o), "a qualified alien may be authorized to come to the United States to perform services….if petitioned for by an employer." Under this specific O-1 visa category, the alien "may be classified under section 101(a)(15)(O)(i) of the Act as an alien who has extraordinary ability in the sciences, arts, education, business, or athletics…"  *See* 8 C.F.R. § 214.2(o)(1)(i).

12. The statute and regulations require that an O-1 petition be accompanied by evidence that the work which the alien is coming to the United States to continue is *in the area of extraordinary ability*.  *See* 8 C.F.R. § 214.2(o)(3)(i) (emphasis added).

13. The federal regulations set forth the evidentiary criteria for an O-1 visa applicant in the field of athletics and require that the applicant "demonstrate sustained national or international acclaim and recognition for achievements in the field of expertise by providing evidence of "[r]eceipt of a major, internationally recognized award, such as the Nobel Prize; or…*[a]t least three* of the following forms of documentation:

    (1) Documentation of the alien's receipt of nationally or internationally recognized prizes or awards for excellence in the field of endeavor;

    (2) Documentation of the alien's membership in associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;

(3) Published material in professional or major trade publications or major media about the alien, relating to the alien's work in the field for which classification is sought, which shall include the title, date, and author of such published material, and any necessary translation;

(4) Evidence of the alien's participation on a panel, or individually, as a judge of the work of others in the same or in an allied field of specialization to that for which classification is sought;

(5) Evidence of the alien's original scientific, scholarly, or business-related contributions of major significance in the field;

(6) Evidence of the alien's authorship of scholarly articles in the field, in professional journals, or other major media;

(7) Evidence that the alien has been employed in a critical or essential capacity for organizations and establishments that have a distinguished reputation;

(8) Evidence that the alien has either commanded a high salary or will command a high salary or other remuneration for services, evidenced by contracts or other reliable evidence.

8 C.F.R. § 214.2(o)(3)(iii)

14. The regulations also require that a petition include a written advisory opinion from a peer group, which may include a person or persons with expertise in the field.  8 C.F.R. § 214.2(o)(5)(i)(C).

15. When adjudicating an O-1 visa petition, the USCIS "shall consider all of the evidence submitted…"  8 C.F.R. § 214.2(o)(6)(i).

**Factual Background**

16. Plaintiff, IK SCHOOL OF GYMNASTICS, INC., is a professional gymnastics training center located in Miami, Florida.

17. On or about October 27, 2017, Plaintiff filed an I-129 nonimmigrant visa petition seeking to classify Beneficiary, Viktoriia Savelieva, as an athlete of extraordinary ability in the area of rhythmic gymnastics, and seeking to employ Beneficiary as a rhythmic gymnastics assistant coach/performer at their training center.

18. In support of the petition, Plaintiff submitted evidence to show that Beneficiary satisfied *four* of the requirements outlined in the federal regulations. Specifically, the evidence showed that Beneficiary is an athlete of extraordinary ability and had received 1) numerous international awards at national and international competitions, 2) that she was a member of athletic associations requiring outstanding achievements, Master of Sports and the Ukrainian national gymnastics team, 3) that numerous publications of major media wrote about her extraordinary ability, and finally 4) that she held a critical role as an athlete for an athletic team, the Ukrainian national gymnastics team, a team with a distinguished reputation. *See* 8 C.F.R. § 214.2(o)(3)(iii)(B)(1), (B)(2), (B)(3) and (B)(7).

19. Plaintiff also submitted a number of written advisory opinions, from persons with expertise in the field of rhythmic gymnastics, attesting to Beneficiary's extraordinary ability. *See* 8 C.F.R. § 214.2(o)(5).

20. USCIS accorded the I-129 petition the receipt # of WAC1802151124.

21. On or about November 2, 2017, USCIS issued a "Request for Evidence" for the processing of the petition, seeking additional evidence of Beneficiary's extraordinary ability as a

rhythmic gymnastics coach, citing this as the required field of expertise in which Plaintiff must demonstrate Beneficiary's extraordinary ability.

22. On or about November 16, 2017, Plaintiff responded to the Request with a lengthy letter provided by their attorney and additional evidence. In the letter, Plaintiff cited the regulations and explained that the evidence provided in the initial filing was sufficient to demonstrate that Beneficiary is an alien of extraordinary ability in the field of rhythmic gymnastics and that she meets five of the requirements outlined by the federal regulations, where only three were required.

23. Further, Plaintiff explained that 8 C.F.R. section 214.2(o)(3)(iii) permits O-1 classification where an individual has *extraordinary ability in athletics*, which has been demonstrated by sustained national or international acclaim, and who is coming temporarily to the United States to continue work *in the area of* extraordinary ability. 8 C.F.R. § 214.2(o)(3)(iii) (emphasis added). Thus, Beneficiary's work as an Assistant Coach/Performer would constitute work *in the area of* her extraordinary ability, rhythmic gymnastics. Plaintiff also provided additional evidence of Beneficiary's extraordinary ability in rhythmic gymnastics, in addition to what had already been provided in Plaintiff's initial I-129 filing.

24. On or about November 27, 2017, USCIS issued a decision denying Plaintiff's I-129 petition filed on behalf of the Beneficiary, Viktoriia Savelieva. According to the decision, Plaintiff had failed to demonstrate that Beneficiary was an alien of extraordinary ability pursuant to section 101(a)(15)(O)(i) of the INA. Specifically, the decision cites Plaintiff's failure to submit sufficient documentation to show this ability in the field of rhythmic gymnastics coaching.

25. The decision ignores the regulations, which only require the continued work "in the area of" extraordinary ability, and a demonstration of extraordinary ability in athletics.

26. The decision also overlooks evidence submitted by Plaintiff by completely ignoring the number of written advisory opinions provided, disregarding the multiple awards, trophies and certificates submitted demonstrating Beneficiary's national and international acclaim, and discounting the numerous media articles and proof of her membership on the National Team of Ukraine and her receipt of Master of Sports.

27. As a result of this agency action, Plaintiff is left with no basis to dispute the USCIS finding that Beneficiary is ineligible for a nonimmigrant visa.

**<u>Request For Relief</u>**

28. Plaintiff re-alleges and incorporates by reference every allegation contained in the preceding paragraphs as if set forth fully herein.

29. The denial of Plaintiff's nonimmigrant visa petition violates section 101(a)(15)(o) of the Immigration and Nationality Act, and the implementing federal regulations, and is not in accordance with law.

30. Pursuant to the Administrative Procedures Act, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or those unsupported by substantial evidence.  5 U.S.C. § 706(2).

31. Defendants' denial of Plaintiff's I-129 nonimmigrant visa petition was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  It was also unsupported by substantial evidence.

WHEREFORE, and in light of the foregoing, Plaintiff IK SCHOOL OF GYMNASTICS, INC.

prays that this Honorable Court:

      A.      Declare the Defendants actions to be unlawful and in violation of the

Administrative Procedure Act and the Immigration and Nationality Act;

      B.      Remand to USCIS for findings in accordance with this decision under 5 U.S.C. §

702 and approval of the Plaintiff's I-129 application; and

      C.      Grant such other and further relief, as the Court deems appropriate and just.

Dated: December 28, 2017                    Respectfully Submitted,
                                            IK School of Gymnastics, Inc.

                                            By: s/ Matthew Kriezelman
                                          One of their attorneys

Matthew Kriezelman, Esq.
KRIEZELMAN BURTON & ASSOCIATES, LLC
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
(312) 332-2550
mkriezel@krilaw.com
Attorney # IL0020