# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IK SCHOOL OF GYMNASTICS**, <br><br> Plaintiff, <br><br> v. <br><br> **KIRSTJEN NIELSON *et al*.**, <br><br> Defendants. | Case No. 1:17-cv-02822 (TNM) |

## MEMORANDUM OPINION

IK School of Gymnastics ("the School") requested that the United States Citizenship and Immigration Services ("USCIS") classify Ms. Viktoriia Savelieva as an "alien of extraordinary ability," a status that would allow her to enter the United States to work at the School's gymnastics training center in Florida. As evidence of Ms. Savelieva's ability and renown as a gymnast, the School submitted documentation such as photos of awards and trophies, certificates, news articles, and letters from coaches. USCIS, though, denied the School's petition, concluding that Ms. Savelieva did not satisfy the statutory requirements for an extraordinary ability visa.

The School now sues USCIS Director L. Francis Cissna and his boss, Secretary of Homeland Security Kirstjen M. Nielsen, bringing claims under the Administrative Procedure Act ("APA"), the Declaratory Judgment Act, and the Immigration and Nationality Act ("INA"). The School asserts that the agency's denial was arbitrary and capricious and an abuse of discretion. In response, the Federal Defendants ask this Court: (1) to dismiss the School's complaint, in part, for a lack of subject matter jurisdiction; and (2) to grant summary judgment in their favor on the

APA count. The School also moved for summary judgment. These opposing motions are now ripe.

Given the generous arbitrary-and-capricious standard of review, this Court will not overturn the agency's reasoned judgment that the School did not satisfy the statutory requirements for this type of visa. So the Defendants' motion will be granted, and the Plaintiff's motion will be denied.

## I. BACKGROUND

The School is a professional gymnastics training center in Miami, Florida. Compl. ¶ 8, ECF 1. It sought to employ Ms. Savelieva, a citizen of Ukraine, as "a rhythmic gymnastics assistant coach/performer," so it submitted on her behalf an I-129 non-immigrant visa petition for her classification as an alien of extraordinary ability. *Id.* ¶ 17. In support of its petition, the School submitted various forms of documentation. *See generally* CAR 265-331.

After receiving the School's petition and materials, USCIS sent the School a "Request for Evidence," seeking specific additional documentation. *See* CAR 246-54. The School then submitted both a written response and additional evidence. *See* CAR 18-127. USCIS still denied the School's petition because it concluded that the School did not establish "the type of sustained national or international recognition of accomplishments necessary[.]" CAR 9. Accordingly, it determined that Ms. Savelieva was ineligible for classification as an alien of extraordinary ability. *Id.* Noting that "[t]he burden of proof to establish eligibility for a desired preference rests on the petitioner," USCIS found that the School had fallen short. *Id.*

The School seeks relief in this Court, alleging that USCIS's decision was arbitrary and capricious and not in accordance with the law. Compl. ¶ 1. In response, USCIS asks this Court to dismiss the School's complaint, in part, for a lack of subject matter jurisdiction and to grant

2

summary judgment in its favor on the School's APA claim. Defs.' Mem. in Supp. of Mot. to Dismiss 1-2, ECF No. 17-1 ("Defs. Mem."). The School also seeks summary judgment. Pl. Mem. 1-2, ECF No. 20-1 ("Pl. Mem."). The parties' opposing motions are before the Court.

## II.     LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction" and thus "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Jurisdiction is thus a prerequisite that must be satisfied before proceeding to the merits, and a federal court must dismiss any action over which it determines that it lacks jurisdiction. *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007). The party claiming subject matter jurisdiction has the burden of establishing it. *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015).

Summary judgment is usually only appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Pro. 56. But when a court is reviewing an administrative agency's decision, the standard set out in Federal Civil Procedure Rule 56 does not apply. *Richards v. I.N.S.*, 554 F.2d 1173, 1177 (D.C. Cir. 1977). Instead, as both parties acknowledge, courts review an agency's decision under the deferential standard provided in the APA. *See Ramaprakash v. Fed. Aviation Admin.*, 346 F.3d 1121, 1124 (D.C. Cir. 2003).

Under the APA, "the reviewing court shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]" 5 U.S.C. § 706(2)(A). The court asks whether the record contains "such relevant evidence as a reasonable mind might accept as adequate to support" the agency's decision. *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966).

Courts "will not disturb the decision of an agency that has 'examined the relevant data and articulated a satisfactory explanation for its action including a rational connection between the facts found and the choice made.'" *MD Pharm. Inc. v. Drug Enf't Admin.*, 133 F.3d 8, 16 (D.C. Cir. 1998) (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Even though a reviewing court may not "supply a reasoned basis for the agency's action that the agency itself has not given[,]" it may "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 285-86 (1974).

### III.  ANALYSIS

**A. The Court Will Grant USCIS's Motion to Dismiss**

USCIS first argues that this Court does not have subject matter jurisdiction over the School's claims under the Declaratory Judgment Act and the INA. Defs. Mem. 1. USCIS admits that the APA provides for judicial review of an agency's final action. *Id.* at 8.

USCIS is correct. The School appears to concede as much in its summary judgment pleadings. Pl. Mem. 5-6. The Declaratory Judgment Act does not itself confer jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Likewise, the Section 214 of the INA does not provide for judicial review. *See* 8 U.S.C. § 1184. But the APA does provide for judicial review of final agency decisions. *See* 5 U.S.C. § 706. As a result, under 28 U.S.C. § 1331, this Court only has subject matter jurisdiction over the School's APA claim. Thus, this Court will dismiss the School's Declaratory Judgment Act and INA claims.

**B. The Court Will Grant USCIS's Motion for Summary Judgment and Deny the School's Motion for Summary Judgment**

Section 101(a)(15)(O)(i) of the INA, codified as 8 U.S.C. § 1101(a)(15)(O)(i), creates the O-1 visa classification for an alien who

> has extraordinary ability in the sciences, arts, education, business, or athletics which has been demonstrated by sustained national or international acclaim or, with regard to motion picture and television productions a demonstrated record of extraordinary achievement, and whose achievements have been recognized in the field through extensive documentation, and seeks to enter the United States to continue work in the area of extraordinary ability.

8 U.S.C. § 1101(a)(15)(O)(i). In denying the School's petition, USCIS determined that the School did not provide statutorily required documentation of: (1) an advisory opinion and (2) Ms. Savelieva's extraordinary ability.

**1. Advisory Opinion Requirement**

The Attorney General may approve a petition for this type of visa only after fulfilling a specific consultation requirement. 8 U.S.C. § 1184(c)(3). To allow for the necessary consultation, aliens must "submit with the petition an advisory opinion from a peer group (or other person or persons of its choosing, which may include a labor organization with expertise in the specific field involved)." *Id.* § 1184(c)(6)(A)(i). USCIS concluded that the School's documentation did not satisfy the advisory opinion requirement because the letters submitted did "not appear to be from a U.S. peer group." CAR 5.

The School insists that it did submit appropriate documentation. Pl. Mem. 16. In support of this claim, the School points to letters from the president of the Federation of Rhythmic Gymnastics of the Odessa Region, an Olympic rhythmic gymnast, a coach for

5

the Ukrainian Gymnastics Federation, and a professor from the Odessa National Economics University. Pl. Mem. 18; CAR 302-06. It argues that even though the regulation requires consultation from a *U.S.* peer group, *see* 8 C.F.R. § 214.2(o)(5)(i)(A), the statute itself does not, *see* 8 U.S.C. § 1184(c)(6)(A)(i).

USCIS claims that three letters are "clearly" not from a U.S. peer group and thus do not satisfy the regulation. Defs. Mem. 9. As to Ms. Olena Vitrychenko's letter, in which Ms. Vitrychenko claims that she coached in the United States, USCIS now argues that the letter does not establish that she has rhythmic gymnastics expertise. *Id.* USCIS suggests that the letter may not even be authentic. *Id.* But USCIS did not rely on those theories when it denied the School's petition, and this Court will not rely on them now. *Sec. & Exch. Comm'n v. Chenery Corp.,* 332 U.S. 194, 196, 67 S. Ct. 1575, 1577, 91 L. Ed. 1995 (1947) ("a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency").

USCIS originally concluded that the School's documentation did not satisfy the advisory opinion requirement simply because the letters submitted did "not appear to be from a U.S. peer group." CAR 5. However, the statute does not say that the advisory opinion must be from a U.S. peer group, and USCIS does not explain why its regulatory interpretation of the statute—requiring a U.S. peer group—is reasonable. *See* Defs. Reply 2, ECF 22. USCIS claims that its imposition of a domestic peer group through regulation filled a statutory gap. It is not clear to the Court that there was in fact a gap to fill, and USCIS has pointed to no judicial opinions agreeing with its view. But the Court need not decide the question because even if the School satisfied this criterion, it would

6

not prevail. As discussed below, USCIS's determination that the School also failed to establish Ms. Savelieva's extraordinary ability was not arbitrary and capricious.

### 2. Evidence of "Extraordinary Ability"

To prevail, the School must also provide specific evidence of Ms. Savelieva's extraordinary ability. Because the School does not claim that Ms. Savelieva received a major, internationally recognized award, *see* 8 C.F.R. § 214.2(o)(3)(iii)(A), the School must prove that it satisfies at least three of the other eight criteria listed in the regulations. *See* 8 C.F.R. § 214.2(o)(3)(iii)(B). The School asserts that Ms. Savelieva clears the bar on five of those criteria, *see* Compl. ¶ 18: (1) "receipt of nationally or internationally recognized prizes or awards for excellence in the field of endeavor;" (2) "membership in associations . . . which require outstanding achievements of their members, as judged by recognized national or international experts in their disciplines or fields;" (3) "[p]ublished material in professional or major trade publications or major media about the alien;" (4) "participation . . . as a judge of the work of others in the same or in an allied field of specialization;" and (5) "employed in a critical or essential capacity for organizations and establishments that have a distinguished reputation." *See* 8 C.F.R. § 214.2(o)(3)(iii)(B).

To support its claim, the School submitted evidence in various forms. USCIS found the School's evidence insufficient on each criterion, and the School now challenges that decision.

#### a. Awards or Prizes

The School first objects to USCIS's conclusion that the School failed to prove that Ms. Savelieva received nationally or internationally recognized awards or prizes in her field. Pl. Mem. 9-12. In support of its claim at the agency level, the School submitted documentation such

7

as a list of awards, photos of trophies and prizes, and news articles. CAR 23-125. But USCIS found that the awards did not name Ms. Savelieva and concluded that the documentation did not provide sufficient evidence to prove that the awards and prizes were nationally or internationally recognized. CAR 7.

The School argues that USCIS's decision "disregards much of the evidence provided." Pl. Mem. 9. The School insists that it did submit evidence that both named Ms. Savelieva and proved that she received international awards. *Id.* at 9-11. Even if Ms. Savelieva won these prizes and awards, as alleged, this Court agrees with the USCIS's determination that "the photographs and brief descriptions do not explain the significance of the awards or provide sufficient evidence to establish that they are nationally or internationally recognized awards." CAR 7.

Given the documentation submitted, it was eminently reasonable for USCIS to conclude that the School did not satisfy this criterion. Many awards seem to be from youth athletic competitions. For example, Ms. Savelieva won first place in a regional student competition in Odessa. *See* CAR 294. And it is not obvious that these awards, such as first place at "Cup of the Black Sea," are *nationally or internationally* recognized in the field of rhythmic gymnastics, and it is the School's burden to establish eligibility. *See Matter of Brantigan*, 11 I. & N. Dec. 493 (1966) ("In visa petition proceedings, the burden of proof to establish eligibility sought for the benefit conferred by the immigration laws rests upon the petitioner."). Because this Court cannot conclude that no rational adjudicator would have come to the same conclusion, it will not disturb USCIS's decision. *See Visincaia v. Beers*, 4 F. Supp. 3d 126, 133 (D.D.C. 2013) ("Unless the court can conclude that no rational adjudicator would have come to the same conclusion . . . it must not disturb the agency's decision.").

### b. Memberships

Similarly, USCIS concluded that the School failed to prove that Ms. Savelieva was a member of "associations in the field for which classification is sought, which require outstanding achievements of their members, as judged by national or international experts in their disciplines or fields." CAR 7. The School asserts that it met this criterion because it established that Ms. Savelieva was a member of the Ukrainian National Rhythmic Gymnastics team and received a "Master of Sports" designation. Pl. Mem. 12.

Based on the documentation submitted, USCIS could not determine whether membership on the Ukrainian National Rhythmic Gymnastics team or a "Master of Sports" designation required outstanding achievements. CAR 7. USCIS also concluded that the School's submissions did not prove that Ms. Savelieva belongs to an association requiring outstanding achievements in coaching.[1] *Id.*

As USCIS stated in its decision, the School submitted no evidence to show that Ukrainian National Rhythmic Gymnastics membership and a "Master of Sports" designation require outstanding achievements, as judged by national or international experts in their fields. In any event, it appears that she was only a reserve member of the National Rhythmic Gymnastics team. Without more detail about the requirements for membership, it was reasonable for USCIS to conclude that the School did not satisfy this criterion. The agency engaged in a rational

---

[1] Throughout its briefing, the School insists that it need only show that Ms. Savelieva will work "in the area" of her extraordinary ability. *See, e.g.*, Pl. Mem. 7-8. That is, according to the School, it is enough to show that she is a rhythmic gymnast with extraordinary ability, and it need not establish that she is a rhythmic gymnastics *coach* with extraordinary ability. *Id.* Because this dispute is non-dispositive for the reasons discussed above, this Court need not address this issue.

decision-making process and provided a reasoned decision, satisfying the arbitrary-and-capricious standard of review.

### c. Published Material in Major Trade Publications or Major Media

USCIS also rejected the School's argument that Ms. Savelieva was the subject of major trade publications or major media. CAR 7. The School did submit articles about Ms. Savelieva, but USCIS found no evidence that these articles were from *major* trade publications or other *major* forms of media. *Id.* USCIS also rejected the School's submissions because the articles did not discuss her coaching, only her personal athletics, and the articles did not include the source, date, or author as required by regulations. *Id.*

In response, the School insists that Ms. Savelieva sought extraordinary ability classification based on rhythmic gymnastics talent—not coaching—and that its submissions did include the date and source of articles. Pl. Mem. 14-15. Even so, USCIS's conclusion that the School failed to prove that the articles submitted were from *major* publications or *major* media sources was reasonable—even if the Court or the School may come to a different conclusion. *See Motor Vehicle Mfrs. Ass'n*, 463 U.S. at 43. ("[A] court is not to substitute its judgment for that of the agency.") For instance, it is far from obvious that the "Odessa-Sport" is a major publication. *See* CAR 108. Without more information about the sources of the articles submitted, USCIS reasonably concluded that the School did not satisfy this criterion. The Court cannot conclude that the agency's determination was arbitrary and capricious.

### d. Participation as Competition Judge

The School also claims that it proved that Ms. Savelieva was "a judge of the work of others in the same or in an allied field." Pl. Mem. 16. To this point, the School submitted a

letter from the President of the Federation of Rhythmic Gymnastics of the Odessa region. *Id.* The President stated that Ms. Savelieva "began to develop judge specialty of rhythmic gymnastics in 2015 year and started to take part in the refereeing of the Championship sports schools and the Championships of the Odessa region." CAR 126. He also claimed that she "was judged [sic] the all-Ukrainian competitions of different levels." *Id.* USCIS rejected this evidence because the letter did not provide specific information about Ms. Savelieva's role as a judge, and there was no corroborating evidence. CAR 8. USCIS said that it could not determine whether Ms. Savelieva's experiences were equivalent to serving as a judge or being on a panel under the regulation. *Id.*

In response, the School claims that the letter clearly states that Ms. Savelieva was a judge and that the regulation does not require corroborating evidence. Pl. Mem. 16. In short, the School insists that this letter is enough evidence. Given the lenient arbitrary-and-capricious standard of review, this Court will not upset the agency's determination. It seems reasonable that the agency would require more evidence of participation as a judge than the one statement: "[a]fter seminars, [Ms. Savelieva] was judged [sic] the all-Ukrainian competitions of different levels." CAR 126. USCIS considered the evidence submitted, articulated a reasonable explanation, and made a rational determination. This Court will not disturb its judgment.

### e. Employed in a Critical or Essential Capacity

Finally, the School insists that it provided evidence that Ms. Savelieva held a critical role as an athlete for the Ukrainian National Gymnastics Team, which, the School claims, is an organization with a distinguished reputation. Pl. Mem. 3. USCIS determined that the School did not submit sufficient evidence to satisfy this criterion. CAR 8. Even though a letter submitted described Ms. Savelieva as the "non-replaceable team captain" of the Odessa National

11

Economics University's team, USCIS concluded this praise described Ms. Savelieva's skill as a gymnast, not as an employee of an organization has a distinguished reputation. *Id.*

Once again, the School is unhappy with the conclusions that the agency drew from the record. "It is not enough . . . that the court would have come to a different conclusion from the agency." *Visincaia*, 4 F. Supp. 3d at 133. The question is whether there is a rational connection between the facts found and the choice made. *Id.* For example, it is reasonable to conclude that documentation of Ms. Savelieva's success as a collegiate athlete at the Odessa National Economics University does not establish that she was an essential *employee* of an organization with a distinguished reputation. USCIS's discussion of the evidence submitted, including quotations from the record, shows that it engaged in a reasoned decision-making process, satisfying the lenient arbitrary-and-capricious standard of review.

\* \* \*

To satisfy the "extraordinary ability" requirement, the School had to submit sufficient documentation for three of eight potential categories. Unfortunately, although the School provided documentation for five categories, the USCIS reasonably found that none of the categories were fully satisfied.

## IV. CONCLUSION

For all these reasons, the Defendants' Motion to Dismiss and for Summary Judgment will be granted, and the Plaintiff's Motion for Summary Judgment will be denied. A separate order will issue.


Dated: October 26, 2018                                          TREVOR N. MCFADDEN, U.S.D.J.